# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LLOYD, et. al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.　1:10-cv-0495-AWI-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Francis W. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on March 19, 2010. (ECF No. 1.) No other parties have appeared. Plaintiff's Complaint is now before the Court for screening. For the reasons stated below, the Court finds that Plaintiff fails to state a cognizable claim.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ____ U.S. ____, ____, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. PLAINTIFF'S CLAIMS

Plaintiff is currently incarcerated at Mule Creek State Prison, the same prison where the events at issue in the Complaint occurred. Plaintiff brings this action for violations of his Fourth Amendment right to be free from unreasonable search and seizure, his rights under the Due Process Clause of the Fourteenth Amendment, and his rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also brings a claim for failure properly to train prison staff.

Plaintiff names the following individuals as Defendants:1) C/O Lloyd, 2) Warden Clark, 3) Warden Sherman, 4) Warden K. Allison, and 5) Appeals Coordinator Zuiani.

Plaintiff alleges as follows:

Plaintiff had two radios removed from his cell even though other inmates have been allowed to keep such items in their cells. Plaintiff has not been allowed to appeal the removal. Supervisory defendants are at fault along with those who actually took the radios because they were on notice of the removal, but failed to correct it or train the individuals responsible for the removal.

Plaintiff's claims center around an April 8, 2009 incident. (Compl. at 6.) On that day, Defendant Lloyd removed a $17.00 Sony radio and a $50.00 J. Win radio from Plaintiff's possession. (Id.) Defendant Lloyd removed this property so that he could give it to other inmates; he conducted an illegal search and seizure for the benefit of other inmates. (Id.) Defendant Lloyd also violated Plaintiff's right to "equal protection of the law" in that Plaintiff was not allowed to keep personal property like other similarly situated inmates. (Id.) Defendant Lloyd also violated Plaintiff's right to due process by depriving him of the right to dispose of his confiscated property according to his wishes. (Id. at 7.) Plaintiff would have liked to destroy the radios, but Defendant Lloyd prevented this .[1] (Id.) Plaintiff did not authorize Defendant Lloyd to give his radios away. (Id.)

Plaintiff alleges that Defendants Sherman and Clark violated Plaintiff's rights under the Fourth Amendment by not correcting Defendant Lloyd's confiscation of Plaintiff's radios even though he was aware of that wrongful confiscation. They also violated Plaintiff's right to due process and equal protection under the Fourteenth Amendment because they failed properly to train Defendant Lloyd not to conduct illegal searches and seizures and failed to train him in the disposal of confiscated property. (Id. at 7-9.) Defendants Sherman and Clark also violated Plaintiff's Fourteenth Amendment rights to due process and equal protection in that neither of them properly investigated Defendant Lloyd's illegal actions after they were notified of the incident. (Id.)

Plaintiff alleges that Defendant Allison violated Plaintiff's rights under the Fourth Amendment, that she failed to properly train Defendant Lloyd, and she violated Plaintiff's right to due process and equal protection under the Fourteenth Amendment. (Id. at 10-11.) As her signature appears on the response to Plaintiff's first level appeal of the April 8, 2009, incident, Defendant Allison was responsible for the "First Level Appeal Response." (Id.) She "failed to train" Defendant Lloyd not to conduct illegal searches and seizures and she failed to take any action to prevent or correct the illegal actions of Defendant Lloyd

---

[1] Plaintiff contradicts himself later in his Complaint and states that he destroyed one of the radio himself in July 2009. (Compl. at 11.)

-3-

even though she was aware of them. (Id. at 11.) Defendant Allison violated Plaintiff's right to equal protection and due process under the Fourteenth Amendment because even though she knew about Defendant Lloyd's ulterior motive in conducting the search and seizure, she failed to investigate. (Id.)

Defendant Zuiani is also responsible for violating Plaintiff's right to equal protection and due process under the Fourteenth Amendment. (Id. at 13.) He or she is the appeals coordinator who screened Plaintiff's 602 appeal. (Id.) Plaintiff appears to be alleging that Defendant Zuiani removed the legal letter that Defendant Clark sent to the appeals office from Plaintiff's 602 appeal because he did not want evidence of Defendant Lloyd's guilt in the 602 appeal. (Id. At 14.) Defendant Zuiani obstructed justice in ordering Plaintiff to remove documentation from the 602 appeal. (Id.)

Plaintiff asks for $67 in compensatory damages, $1 in nominal damages, and $200,000 in punitive damages.

### III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

#### A. Fourth Amendment Claim

Plaintiff alleges a Fourth Amendment violation based on Defendant Lloyd's removal of two radios from his cell and Defendants Sherman, Clark, and Allison's approval of that removal. It is noted that at another point Plaintiff suggests that the property may have

been returned to him. (Compl. at 11.)

The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'" U.S. v. Jacobsen, 466 U.S. 109, 113-114 (1984). Under the Fourth Amendment a seizure of property "occurs when there is some meaningful interference with an individual's possessory interest in that property." Id. at 113. The United States Supreme Court has held, however, that "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536. "An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." Id. The Court noted, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests." Id. at 528 n. 8.

Since Plaintiff, as a prisoner, could not have had a reasonable expectation of privacy in his cell, there was no Fourth Amendment protection for Plaintiff in his prison cell. Plaintiff has not stated and cannot state a claim for unreasonable search and seizure of property from his cell. Plaintiff's Fourth Amendment claim is dismissed without leave to amend.

That does not leave him without a remedy if property legitimately in his cell is taken unlawfully. He can seek recovery of such property via a due process claim. Such a claim is analyzed below.

**B.     Fourteenth Amendment**

    **1.**     Due Process Claims

        a.     Failure to Investigate

In his Complaint, Plaintiff appears to complain of what he believes to be the inadequate response to his grievance about the taking of his radios. He alleges that Defendants Clark, Sherman, Allison, and Zuiani violated his due process rights by their failure to investigate Defendant Lloyd's actions even though they were put on notice of same by Plaintiff's grievance report and a letter he sent to the FBI regrading the incident.

It is well-established that "inmates lack a separate constitutional entitlement to a

specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or even ignores an inmate's grievance or appeals, the prison official does not deprive the inmate of any constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D.Cal. Feb.2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D.Cal. Nov.20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances and appeals without any basis failed to show a deprivation of federal rights).

Plaintiff's due process claim is based on Defendants Clark, Sherman, Allison, and Zuiani's failure to properly manage the prison grievance process when reviewing Plaintiff's appeal and properly investigate his claim against Defendant Lloyd. However, since Plaintiff has no constitutional entitlement to a specific grievance procedure, he has not stated a cognizable due process claim against these Defendants on these grounds.

Plaintiff will be given leave to amend this claim, but it appears unlikely he will be able to state a due process claim under the Fourteenth Amendment for any alleged injuries arising out of the administration of the prison grievance system.

b.     Deprivation of Property

Although Plaintiff does not explicitly call his claim a due process claim for deprivation of property, his factual allegations suggest as much. Plaintiff alleges that Defendant Lloyd unlawfully took two radios from his cell, and Defendants Clark, Sherman, Allison, and Zuiani failed to investigate the removal, thereby depriving Plaintiff of his property in violation of the Due Process Clause. (But, as noted, Plaintiff also suggests that the property might have been returned to him (Compl. at 11.))

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th

Cir.1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available," Hudson, 468 U.S. at 533; see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.").

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 895; Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 13 Cal.Rptr.3d 534, 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 13 Cal.Rptr.3d 534, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Accordingly, Plaintiff cannot state a claim under the Due Process Clause without showing he has complied with the requirements of the Tort Claims Act. Plaintiff's claim will be dismissed. He will be given one opportunity to amend this claim to show he has exhausted his remedies under the Tort Claims Act and now properly and timely seeks judicial review of the action taken on his Tort Claims Act. (Plaintiff is forewarned that if he

1  has not exhausted his Tort Claims Act remedies, it likely is too late for him to initiate any on
2  these pre-2009 incidents.  He could well be better served by focusing on other amendable
3  claims.)

### 2. Equal Protection

In a single sentence, Plaintiff alleges that all of the named Defendants violated his rights under the Equal Protection Clause because other inmates were able to keep radios in their cells even though he was not allowed to maintain his.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).  In this case, Plaintiff does not allege that he is a member of a suspect class.  Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

In this claim, Plaintiff makes the conclusory allegation that he is a member of an

identifiable class and intentionally treated differently from others similarly situated, but does not identify the class.  Regardless, documents filed with the pleading show that there **was** a rational basis for Defendants' actions.  In the First Level Appeal Response, it was noted that "during [Plaintiff's] interview [Plaintiff] admitted that the radio/cassette player was not obtained from an authorized source as required by Title 15, section 2006, Contraband." (Compl. at 23.)  Plaintiff also admits that he was not permitted to have the radios in his cell (Id. at 23.)  Accordingly, Plaintiff does not state a claim under the Equal Protection Clause against Defendants Lloyd, Sherman, Clark, Allison, and Zuiani.

Plaintiff will be given one opportunity to amend his equal protection claim, but he must satisfy the above described pleading requirements and allege true facts showing that there was no legitimate penalogical justification for the confiscation of his property.

    **C.**    **Failure to Train**

Plaintiff claims that the Defendants Clark, Sherman, and Allison failed to train Defendant Lloyd to properly follow laws and procedures.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978).  Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). In other words, "[u]nder § 1983 a supervisor is only liable for his own acts. Where the constitutional violations were largely committed by subordinates the supervisor is liable only if he participated in or directed the violations."  Humphries v. County of Los Angeles, 554 F.3d 1170, 1202 (9th Cir. 2009).

A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact.  See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998).  To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate

choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214.L  See also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Here, Plaintiff's claim of failure to train Defendant Lloyd rests solely on the allegation that Defendant Lloyd did not properly search Plaintiff's cell or dispose of his seized items. However, a single incident in which a subordinate disregarded correct procedures does not demonstrate inadequate training. Accordingly, Plaintiff has failed to state a claim for failure to train.

Plaintiff will be given leave to amend this claim, but he must address the inconsistencies in his Complaint. He must plead sufficient true facts to enable the Court to determine whether Defendant Lloyd was deliberately given inadequate training by Defendants Clark, Sherman, and Allison, and that inadequate training was designed or expected to create a constitutional violation.

## IV.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed March 19, 2010, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: December 21, 2011          /s/ *Michael J. Seng*
ci4d6                             UNITED STATES MAGISTRATE JUDGE