UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCIS W. DAVIS, | ) | CASE NO. 1:10-cv-0495-AWI-MJS (PC) |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION RECOMMENDING CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | ) | (ECF No. 15) |
| LLOYD, et. al., | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |
| Defendants. | ) | |

Plaintiff Francis W. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on March 19, 2010. (ECF No. 1.) The Court screened Plaintiff's original Complaint on December 22, 2011, and dismissed it with leave to amend. (ECF No. 12.) Plaintiff filed his First Amended Complaint on March 7, 2012. (Am. Compl., ECF No. 15.) No other parties have appeared.

Plaintiff's Amended Complaint is now before the Court for screening. For the reasons stated below, the Court finds that Plaintiff again fails to state a cognizable claim and this action should be dismissed.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.   PLAINTIFF'S CLAIMS

Plaintiff is currently incarcerated at Mule Creek State Prison. He was previously incarcerated at California Substance Abuse Treatment Facility ("CSATF"), the prison where the events at issue in the Amended Complaint occurred. Plaintiff brings this action for violations of his Fourth Amendment right to be free from unreasonable search and seizure, his rights under the Due Process Clause of the Fourteenth Amendment, and his rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also claims violations of various state laws.

Plaintiff alleges as follows against Defendant Lloyd, a Correctional Officer at CSATF.

On April 8, 2009, Plaintiff was informed that he was being transferred from one facility to another at CSATF. (Am. Compl. at 6.) He placed all of his property in a laundry cart, and during the transfer process he was placed in the custody of Defendant Lloyd.

(Id.) Defendant Lloyd searched the cart, and confiscated a J. Win radio, a Sony AM/FM clock radio, a coaxial cord, two statues Plaintiff had made, and Reebok tennis shoes. (Id.) Plaintiff tried to have the statues and shoes mailed to his sister, but Defendant Lloyd gave them to other inmates on April 22, 2009. (Id. at 7.) Defendant Lloyd also gave the confiscated radios to other inmates. (Id. at 7.) Plaintiff filed a claim with the California Victim Compensation and Government Claims Board, even though (Plaintiff claims) it was unnecessary to do so since Defendant Lloyd was not being sued in his "official capacity". (Id. at 6, 64-71.)

Defendant Lloyd allowed inmates similarly situated to Plaintiff to have contraband items. (Compl. at 10.) These inmates were Defendant Lloyd's "inmate workers and/or his inmate informant." (Id.) Defendant Lloyd confiscated the items based on an impermissible motive. (Id.)

Plaintiff seeks $175.94 in compensatory damages, $125,000 in punitive damages, and $1.00 in nominal damages.

### III.  ANALYSIS

#### A.  Section 1983 Generally

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

#### B.  Fourteenth Amendment Due Process Claim

Although Plaintiff does not explicitly characterize his claim a due process claim for

deprivation of property, his factual allegations suggest as much. Plaintiff alleges that Defendant Lloyd unlawfully took and deprived Plaintiff of his property..

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available," Hudson, 468 U.S. at 533; see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although Hudson involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.").

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 895; Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 13 Cal.Rptr.3d 534, 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 13 Cal.Rptr.3d 534, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff did file a claim with the California Victim Compensation and Government Claims Board, but it was rejected as untimely. Plaintiff argues that he does not need to comply with the California Tort Claims Act because he is not suing Defendant Lloyd in his "official capacity." This argument is unavailing. Plaintiff must comply with the California Tort Claims Act. Cal. Gov't Code § 950 ("a claim need not be presented as a prerequisite to the maintenance of an action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee"). Plaintiff has alleged an unlawful, unauthorized taking and deprivation of property; i.e., by definition, a taking outside the scope of Defendant's employment, not done in an official capacity. The Tort Claims Act exception does not apply. Plaintiff did not comply with the requirements of the California Tort Claims Act by filing a timely claim. Plaintiff's claim for unauthorized deprivation of his property should be dismissed. Since the deficiency in Plaintiff's complaint could only be corrected by an allegation that is directly contrary to Plaintiff's explicit claim here, no useful purpose would be served by allowing amendment.

### C. **Fourteenth Amendment Equal Protection Claim**

Plaintiff alleges that Defendant Lloyd violated his rights under the Equal Protection Clause because other inmates were able to keep radios and other contraband even though Plaintiff was not allowed to maintain the same.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Plaintiff does not allege that he is a member of a suspect class. Accordingly, he has failed to state an equal

protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff may be considered a class of one. Village of Willowbrook v. Olech, 528 U.S. 562, 564, (2000) (equal protection claim may be brought by a "class of one," where the plaintiff alleges that he/she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment). However, Plaintiff fails to allege that other prisoners allowed to keep contraband were similarly situated. In alleging that these prisoners were Defendant Lloyd's "inmate workers and/or his inmate informant", Plaintiff identifies them as being dissimilar to him in status in the prison. There is nothing pled here that would show a lack of rational basis for the difference in treatment. Plaintiff has failed to state an equal protection claim.

### C. State Tort Claims

The Court declines to exercise jurisdiction over Plaintiff's state law claims. Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hod Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)). Thus, Plaintiff's state law claims should dismissed without prejudice.

### IV.  CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's First Amended Complaint fails to state any Section

1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff has filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 12, & 15.) Even after receiving the Court's guidance, Plaintiff failed to make sufficient alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 20, 2012               /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE